UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RICK MAY and MARK SOUZA                              CIVIL ACTION

v.                                                   NO. 08-1190

HUMMINGBIRD AVIATION, LLC and                        SECTION "F"
CHARLES PRIESTLEY

ORDER AND REASONS

Before the Court is the defendant Charles Priestley's motion to sever defendant. Priestley contends that, as a member of the limited liability company, Hummingbird Aviation, LLC, he should not be named as an additional party to these proceedings. The plaintiffs oppose the motion, pointing out that Priestley was named as an individual defendant in the suit and that specific claims were asserted against him. The plaintiffs point out that final judgment has been entered in favor of the plaintiffs and it is too late for Mr. Priestley to challenge the claims that he previously failed to oppose. The plaintiffs further suggest that Mr. Priesley's one-sentence motion offers no support for the relief he requests. The Court agrees.

I.

The facts of this case are more completely set forth in this Court's December 16, 2009 Order & Reasons, denying the defendants' motion for relief from this Court's Order enforcing settlement and

1

granting the plaintiffs' motion for entry of final judgment.[1]

## II.

The Court assumes that Mr. Priestley seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) entitles a party to relief from judgment following a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

As this Court has previously noted in denying defendants' prior motion for relief from judgment, relief under Rule 60(b) is considered "an extraordinary remedy." Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998). In determining a party's entitlement to relief from judgment, the Court must balance the competing interests of finality in judgment with ensuring that "justice be done in light of all the facts." See Bankers Mortgage Co. v.

---

[1] Counsel for plaintiffs finally submitted, pursuant to the Court's order, a compliant proposed final judgment on February 15, 2011; final judgment was entered on February 22, 2011.

United States, 423 F.2d 73, 77 (5th Cir. 1970); see also Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981)(Rule 60(b) seeks a balance between finality and justice). The Court should consider such factors as whether the motion was filed within a reasonable time; whether the interest in deciding the case on the merits is outweighed by the interest in finality of judgments; whether any intervening inequities would make granting relief inequitable; and any other relevant factors impacting the justice of the ruling. Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984)(citation omitted).  "The desire for a judicial process that is predictable mandates caution in reopening judgments."  Carter, 136 F.3d at 1007 (quoting Bailey v. Ryan Stevedoring Company, Inc., 894 F.2d 157, 160 (5th Cir. 1990)).

III.

By contending that he his a member of co-defendant Hummingbird Aviation, LLC, Mr. Priestley apparently seeks to invoke the protections from individual liability contained in La.R.S. 12:1320,[2] which provides, in part:

---

[2]This issue was also raised in a motion to dismiss, which was filed by defendants in May 2008, and denied without prejudice by the Court on June 12, 2008.  Since then, the case was dismissed without prejudice in August 2009, when the Court was advised by the parties that it had settled.  The plaintiffs then filed a motion to enforce settlement in October 2009; the motion was granted as unopposed.  Shortly thereafter, counsel for defendants withdrew from the case and new counsel enrolled.  The Court denied a motion to vacate the order enforcing the settlement and granted a motion for entry of final judgment on December 16, 2009.  Counsel for defendants then withdrew, leaving defendants to proceed *pro se*.

>B.  Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
>
>C.  A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

La.R.S. 12:1320(B) and (C).

Mr. Priestely provides the Court nothing in support of his eligibility to raise this argument at this juncture; indeed, this Court has already denied, on December 16, 2009, a motion for relief from judgment. Although it is clear, as a matter of law, that (assuming he is, as he claims, a member of Hummingbird Aviation LLC) he cannot be held liable for a liability of the company, La.R.S. 12:1320 does not insulate a member of a limited liability company from all claims of wrongdoing; it further provides:

>Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon him.

La.R.S. 12:1320(D). As the plaintiffs point out, they alleged in

---

After continuing the hearing on the plaintiffs' motion to enforce judgment at the request of the unrepresented defendants, the Court finally granted the motion, having never received an opposition from the defendants.

their complaint, among other things, that Mr. Priestley made fraudulent misrepresentations regarding Hummingbird Aviation's ability to fulfill their employment contracts and Hummingbird Aviation's financial stability; these allegations were never successfully challenged.  The Court cannot now determine, without more, after a final judgment has been entered, that the plaintiffs had no right to recover whatsoever against Mr. Priestley.  Moreover, after it was represented to the Court that the parties had resolved the claims in reaching a settlement, this Court simply enforced that settlement.[3]

Because defendant Charles Priestley's motion fails to establish any right to relief, the motion to sever defendant is DENIED.  Any further challenges must be made by appeal to the U.S. Fifth Circuit Court of Appeals.

New Orleans, Louisiana, March 30, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The defendants never challenged this Court's Order of Dismissal, which was entered after having been advised that the parties settled.  The plaintiffs later had to seek Court enforcement of that settlement.

5